## Bordner v. Houck, County Controller.

*Practice, C. P.—Mandamus—Imposition of costs where the writ is not prosecuted to judgment—Section 19 of the Act of June 8, 1893.*

In the absence of a judgment for plaintiff upon a demurrer to a writ of alternative mandamus, in which event section 16 of the Act of June 8, 1893, P. L. 348, controls, the disposition of costs is controlled by section 19 of that act, which provides that "the costs of the application for a writ of mandamus, whether such writ is granted or not, also the costs of the writ, if issued and obeyed, or not prosecuted to judgment as aforesaid, may be given or refused according to the discretion of the court."

Writ of alternative mandamus. C. P. Berks Co., March T., 1926, No. 134.

*Leonard G. Yoder*, for plaintiff; *F. A. Marx*, for defendant.

STEVENS, J.—When this case was called for argument, it was stated by counsel for the defendant that the warrant in controversy would be approved without the necessity of further proceeding; argument upon the demurrer was not insisted upon, and it was agreed that the costs should be disposed of by the court.

In the absence of a judgment for the plaintiff upon the demurrer, in which event section 16 of the Act of June 8, 1893, P. L. 348, controls, the disposition of costs is controlled by section 19, which provides that "the costs of the application for a writ of mandamus, whether such writ is granted or not, also the costs of the writ, if issued and obeyed, or not prosecuted to judgment as aforesaid, may be given or refused according to the discretion of the court." Plaintiff should not be denied his costs. The defendant appears to have acted in good faith and upon the advice of competent counsel, and for that reason contends that he should not be required to pay the costs when he was conscientiously endeavoring to protect the interests of the county. The County of Berks contends that, in view of the decision of this court by Judge

Endlich in the case of Dundore v. County Controller, 4 Berks Co. L. J. 390, that prison inspectors are not county officials in the proper sense, and that they receive no salary but only an allowance to defray the necessary expenses of attendance on the duties of their office, the refusal of the controller to approve the warrant on the ground that the plaintiff, as a prison inspector, received his compensation and salary as such in full of all his services rendered to the County of Berks, was entirely without justification.

The position of the county is not without force, but, save where the controller acts capriciously, arbitrarily or otherwise than in good faith, he should not be met with the imposition of costs where, in the performance of his duties, his action has been the result of a mistaken view of the law. In Dundore v. County Controller, 4 Berks Co. L. J. 390, this court gave judgment for the plaintiff without costs, because the case showed questions of a character justifying the controller's refusal to countersign until judicially overruled. Even though that is not the case here, yet, in view of all the circumstances, we are disposed to follow our action in Com. ex rel. Dickinson v. Wanner, 13 Berks Co. L. J. 112, in directing that the costs be paid by the County of Berks.

And now, April 12, 1926, it is ordered that the costs in this case be paid by the County of Berks.

From Wellington M. Bertolet, Reading, Pa.